IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RONALD LIGHTFOOT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SELECTQUOTE, INC.,<br><br>Defendant. | Case No. 1:24-cv-04673<br><br>Judge Mary M. Rowland |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Ronald Lightfoot has sued Defendant SelectQuote, Inc. ("Defendant" or "SelectQuote") under the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227. Before the Court is Defendant's motion to dismiss Plaintiff's First Amended Class Action Complaint ("FAC") under Federal Rule of Civil Procedure 12(b)(6). [15]. For the reasons stated herein, Defendant's motion [15] is granted.

**I.   Background**

The following factual allegations taken from the operative complaint [13] are accepted as true for the purposes of the motion to dismiss. *See Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021). SelectQuote is a major insurance broker that offers life, auto, home, and medical insurance. [13] ¶ 1. According to Lightfoot, SelectQuote initiated a nationwide telemarketing campaign to sell more insurance products and bombarded consumers' cell phones with pre-recorded messages promoting its

1

insurance products. [13] ¶ 2. All of SelectQuote's telemarketing calls featured the following pre-recorded message or a substantially similar message:

> Hello. Hello. Hello. This is Ashley, your health center representative. How are you doing today? I'm calling because the updated plans for Medicare have just been released, and it may give you some better access to things like dental, vision, hearing, and over-the-counter benefits. Now, these benefits aren't automatically given, so we are calling to make sure that you actually are given everything you may be entitled to. There's also an additional benefit, which you may qualify to get up to $148 a month. That is cash back to your Social Security, depending on your income. Now, I believe you do have Medicare Part A and B, correct? That's awesome. Okay, this is all the information that I need for my site to check your eligibility, and it does look like you qualify, I'm going to go ahead and get started. Thank you.

[13] ¶ 13. Rather than place calls to consumers directly, SelectQuote hired, funded, and directed third-party lead generators to make unsolicited calls on its behalf. [13] ¶¶ 2, 15. Consumers who answered the pre-recorded voice prompt or called the number back were connected with an operator at a call center who vetted the consumer and, pursuant to an agreement with SelectQuote, transferred anyone qualified to SelectQuote. [13] ¶¶ 16-17. SelectQuote paid the lead generator for each call transfer. [13] ¶ 17. Lightfoot alleges that on October 20, 2023, he received a pre-recorded phone call promoting SelectQuote's insurance products even though he never consented to receiving any calls. [13] ¶¶ 19-20. Lightfoot claims that this pre-recorded call was one of millions in an unsolicited, nationwide telemarketing campaign that violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii). [13] ¶¶ 12, 31.

Lightfoot brings this action against SelectQuote on behalf of a putative class that includes "[a]ll persons in the United State who (i) received a pre-recorded telemarketing call, (ii) on their cellular telephone, (iii) from Defendant (or an agent

2

acting on behalf of Defendant)." [13] ¶ 21. Lightfoot alleges that no one in the class previously interacted with or consented to calls from SelectQuote. [13] ¶ 14. Lightfoot filed this action on June 5, 2024. [1]. Before the Court is SelectQuote's motion to dismiss. [15].

## II. Standard

"To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quoting *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014)); *see also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief"). A court deciding a Rule 12(b)(6) motion "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] all well-pleaded facts as true, and draw[s] all reasonable inferences in the plaintiff's favor." *Lax*, 20 F.4th at 1181. However, the court need not accept as true "statements of law or unsupported conclusory factual allegations." *Id.* (quoting *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021)). Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

## III. Analysis

SelectQuote argues the FAC should be dismissed because Lightfoot seeks to hold SelectQuote vicariously liable for the actions of third-party lead generators but

3

failed to allege sufficient facts to support a finding of actual or apparent authority, or to show SelectQuote ratified the acts of the third-party lead generators. [16] ¶ 5-12. In response, Lightfoot clarifies that though he is proceeding under a theory of vicarious liability, he does not allege that the facts give rise to a theory of apparent authority. [18] at 3-4. Lightfoot also argues that he should be granted leave to file a Second Amended Complaint with the benefit of discovery if the Court grants SelectQuote's motion to dismiss. [18] at 12-13. The Court takes each argument in turn below.

### A. Lightfoot fails to allege that SelectQuote is vicariously liable for any violation of the TCPA.

The TCPA makes it unlawful to use an automatic telephone dialing system or an artificial or prerecorded voice without the prior consent of the called party. 47 U.S.C. § 227(b)(1)(A)(iii). A plaintiff must plausibly link the defendant's conduct to the calls he received. *Bennett v. Celtic Ins. Co.*, No. 20-CV-06172, 2022 WL 865837, at *3 (N.D. Ill. Mar. 23, 2022). A company may be held vicariously liable under the TCPA for its third-party telemarketers' violations of the statute "under federal common law principles of agency." *In re Joint Petition filed by Dish Network, LLC*, 28 F.C.C.R. 6574, 6584 (2013). The agency theories of actual authority, apparent authority, and ratification each offer an independent basis for vicarious liability. *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 587 (7th Cir. 2021).

Here, Lightfoot has not plausibly linked SelectQuote's conduct to the call he received. Lightfoot alleges that on October 20, 2023, he received a pre-recorded call on his cellphone promoting insurance products from SelectQuote and that all the

4

telemarketing calls featured the following pre-recorded message or a substantially similar pre-recorded message:

> Hello. Hello. Hello. This is Ashley, your health center representative. How are you doing today? I'm calling because the updated plans for Medicare have just been released, and it may give you some better access to things like dental, vision, hearing, and over-the-counter benefits. Now, these benefits aren't automatically given, so we are calling to make sure that you actually are given everything you may be entitled to. There's also an additional benefit, which you may qualify to get up to $148 a month. That is cash back to your Social Security, depending on your income. Now, I believe you do have Medicare Part A and B, correct? That's awesome. Okay, this is all the information that I need for my site to check your eligibility, and it does look like you qualify, I'm going to go ahead and get started. Thank you.

[13] ¶¶ 13, 19. However, the alleged pre-recorded message did not include any information that would link SelectQuote to the call. In fact, Lightfoot admits in his response to SelectQuote's motion to dismiss that "SelectQuote's scripts hid its name in the prerecorded message at issue so that the calls appear to come from the lead generators and their partners, as opposed to SelectQuote." [18] at 4 n.2. A plaintiff must provide some specific facts to support the legal claims asserted in the complaint. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)). While the required level of specificity "is not easily quantified," a plaintiff must allege "enough details about the subject-matter of the case to present a story that holds together." *McCauley*, 671 F.3d at 616 (quoting *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010)). Fundamentally, making the plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v.*

5

*Iqbal*, 556 U.S. 662, 679 (2009). Plaintiff does not allege any facts in the operative complaint that links SelectQuote to the alleged phone call.[1]

The facts in this case are easily distinguishable from the facts in the cases cited by Lightfoot to support his assertion that SelectQuote is vicariously liable. [18] at 5-12. Those cases involve allegations that connect the defendant and the phone call for which the plaintiff seeks to hold the defendant accountable. *See e.g.*, *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 585 (7th Cir. 2021) (finding a viable agency claim where the plaintiff alleged that the live agent he spoke with identified the insurance as the defendant's health insurance); *Smith v. State Farm Mut. Automobile Ins. Co.*, 30 F. Supp. 3d 765, 771, 775 (N.D. Ill. 2014) (finding a viable subagency claim where a plaintiff received two emailed quotations from one of the defendant's local agents that arose from automated calls). Plaintiff also references other lawsuits against SelectQuote for similar conduct, but the complaints in those lawsuits include allegations connecting SelectQuote to a phone call that allegedly violated the TCPA. *See e.g.,* Amended Complaint at 8-10, *Stannard v. SelectQuote, Inc.*, No. 6:24-cv-00312, ECF 16 (M.D. Fla. May 22, 2024) (alleging plaintiff received an automated call and then was later connected with a SelectQuote licensed sales agent). Lightfoot has failed to plausibly allege that SelectQuote caused him to receive the call at issue; therefore, Lightfoot has failed to plead a violation of 47 U.S.C. § 227(b)(1)(A)(iii).

### B. Lightfoot can file a Second Amended Complaint.

---

[1] Lightfoot's conclusory allegation that the "pre-recorded call on his cellphone promot[ed] insurance products from Defendant" is not taken as true. *Lax*, 20 F.4th at 1181.

6

Lightfoot asks the Court to allow him to file a Second Amended Complaint with the benefit of discovery. [18] at 12-13. The Court's October 9, 2024 Order allowed Lightfoot to proceed with discovery "limited to the call alleged in the complaint and how the call was generated." [19]. Lightfoot is given leave to file a Second Amended Complaint by June 30, 2025. SelectQuote to answer or otherwise plead in response to the Second Amended Complaint by July 31, 2025.

IV. Conclusion

For the stated reasons, Defendant's motion to dismiss [15] is **GRANTED**. The First Amended Complaint is dismissed without prejudice. Plaintiff to file a Second Amended Complaint by June 30, 2025, and Defendant to answer or otherwise plead in response to the Second Amended Complaint by July 31, 2025.

E N T E R:

Dated: May 30, 2025

_Mary M Rowland_

MARY M. ROWLAND
United States District Judge